STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. CV-08-408


TIMOTHY POMERLEAU,
        Plaintiff

v.                                                ORDER

JEAN MCCARTHY and
THOMAS MCCARTHY,
        Defendant


The court left open for further submission of affidavits on limited issues relating to damages and, in particular, the amount of damages sought in connection with the construction contract that were not reimbursed by the Bank. In its Decision and Order, dated July 13, 2009, the court expressly reserved jurisdiction to determine damages following submission of affidavits. Defendants have submitted an affidavit and a number of additional documents. Defendants have also tried to supplement their trial testimony. The court rejects any new testimony. The court has limited its analysis to what was submitted at trial and expressly requested in the court's Decision and Order.

Under Maine law, "[t]he measure of recovery for defective or incomplete performance of a construction contract is the difference in value between the value of the performance contracted for and the value of the performance actually rendered. . . This recovery may include the cost to complete the house and repair the defects." *Treadwell v. J.D. Construction Co.*, 2007 ME 150, ¶ 26, 938 A. 2d 794, 800 (citations omitted). The McCarthys then are entitled to recover costs which they prove by a preponderance of the evidence were required to correct defective work and to complete the work called for by the contract.

Here the defendants entered into a home construction contract with the plaintiff contractor for $830,255 plus an additional $27,500 for road improvement. At the time the contractor abandoned the project, the Bank had advanced $609,000 from the construction loan to the contractor. Ultimately, the Bank expended $773, 703.64 of the total $847,763.78 in construction loan funds and dispersed to the defendants $85,460.46 of the remaining construction loan funds.

The difficulty the McCarthys have in establishing their damages is that the construction contract does not spell out what will be provided, including the quality and grade of items. The defendants failed to introduce at trial any exhibits that may have provided further details of the contract. The McCarthys submitted additional expenses of $202,947 and additional labor of $85,460; however, it is impossible to determine whether these additional expenses were anticipated by the construction contract and constitute costs to complete the work called for by the contract. Plaintiffs carry the burden of proof on damages and having failed to meet that burden, they are not entitled to all the costs they believe were caused by defendant's breach of the contract.

The defendants proved by a preponderance of the evidence that they expended $88,875 to complete the work in accordance with the contract, they expended $6,512.86 with regard to obtaining lien waivers, and they will expend an additional $51,000 to complete the second garage called for in the contract, for a total of $146,387.86 in damages. The court will not subtract from this amount the $85,460.46 that was disbursed to the defendants from the remaining construction loan funds because the court finds that it is more likely than not that these funds covered either costs of completion of work in accordance with the construction contract or costs to correct defective work.

2

The entry is:

Judgment for the defendants/counterclaimants in the amount of $146,387.86, together with interest and reasonable attorneys fees in the amount of $28,825.50 and costs totaling $1,425.44.

Date: November 24, 2009

Joyce A. Wheeler, Justice

= COURTS
.nd County
iox 287
ie 04112-0287

JEFFREY PETERS ESQ
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
PO BOX 9546
PORTLAND ME 04112-9546

IF COURTS
and County
3ox 287
ine 04112-0287

ERIKA FRANK ESQ
936 ROOSEVELT TRAIL
UNIT 4
WINDHAM ME 04062